UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
MARTIN J. WALSH, Secretary of Labor, United States  :
Department of Labor,

                                                                  :   **COMPLAINT**

                          Plaintiff,

                              v.                                       :

                                                          No.  22-CV-4054

CARIBBEAN ISLAND RESTAURANT & BAR, LLC,  :
and BIBI ZALENA BETHUNE, Individually,

                                                         :

                        Defendants.
-------------------------------------------------------------------  :

## INTRODUCTION

1. Plaintiff, MARTIN J. WALSH, Secretary of Labor, United States Department of Labor ("Secretary") brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("Act" or "FLSA") to restrain Defendants from continuing to engage in oppressive child labor and from obstructing the Secretary's investigation of such oppressive child labor and other potential wage and hour violations, in violation of Sections 12(c), 215(a)(4), and 11(a) of the FLSA, 29 U.S.C. §§ 212(c), 215(a)(4), 211(a).

2. Defendants employ a 14-year-old at Caribbean Island Restaurant & Bar, LLC ("Caribbean Island"), a bar and restaurant located in Freeport, New York.

3. While the Secretary was investigating its use of child labor, Defendants actively interfered with that investigation. In particular, Defendant Bibi Zalena Bethune ("Bibi Bethune"), the only listed member and the chef-owner of Defendant Caribbean Island, obstructed the Department's lawful investigation by instructing Defendants' minor employees working there on the evening of June 19, 2022 not to speak or otherwise cooperate with the Department's Wage and Hour Division Investigators ("Investigators").

1

4. Additionally, Bibi Bethune physically prevented an adult employee from talking to the investigators, literally pulling her away. As a result, Defendants have prevented the Investigators from determining whether Defendants unlawfully employ more than one minor in oppressive child labor, or are committing other potential wage and hour violations.

5. The Secretary is charged with investigating employers to ascertain their compliance with the requirements set forth in the FLSA, including the Act's prohibitions against child labor and obstruction of the Department's investigations.

6. Defendants' outrageous conduct undermines the Secretary's ability to fulfill his statutory obligation to fully investigate Defendants' compliance or noncompliance with the Act, including ensuring that Defendants do not unlawfully employ minors in oppressive child labor. Accordingly, the Secretary brings this action to enjoin Defendants from further acts of child labor and of obstruction, and to obtain other appropriate relief.

## JURISDICTION AND VENUE

7. Jurisdiction over this action is conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

8. Venue is proper in the United States District Court for the Eastern District of New York because Caribbean Island has a principal place of business in Freeport, New York, and the events giving rise to this action occurred in Nassau County. 28 U.S.C. §§ 1391(b)(1) and (2).

## RELEVANT STATUTORY AND REGULATORY PROVISIONS

9. Section 12(c) of the FLSA prohibits employers from using any oppressive child labor in commerce or in the production of goods for commerce or in any enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 212(c).

10. One way "oppressive child labor" exists is where any person under the age of sixteen years is employed by an employer (other than a parent) in any occupation. 29 U.S.C. § 203(l). Section 15(a)(4) of the FLSA provides, in relevant part, that it shall be unlawful for any person to violate Section 12(c) of the Act. 29 U.S.C. § 215(a)(4).

11. Section 570.35 of the Department of Labor's Child Labor Regulations permits minors 14 and 15 years of age to work in the food and beverage service industry only outside of school hours, specifically between the hours of 7 a.m. and 9 p.m. during the summer (from June 1 to Labor Day).

12. Section 12(b) of the FLSA provides that the Secretary shall conduct investigations and inspections with respect to the employment of minors pursuant to Section 11(a), 29 U.S.C. § 211(a), and shall bring all actions to enjoin or restrain an employer's oppressive child labor under Section 17, 29 U.S.C. § 217, which grants district courts the authority to restrain child labor violations.

13. Section 11(a) of the FLSA empowers the Secretary to investigate the wages, hours, and practices of employment, to enter and inspect such places of employment, to question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person or employer has violated any provision of the FLSA, including Section 12(c) and the Act's minimum wage and overtime provisions. 29 U.S.C. § 211(a).

## FACTUAL ALLEGATIONS

### The Parties

14. Plaintiff, MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, is vested with authority to sue to restrain violations of the FLSA, recover back wages and liquidated damages.

15. Defendant CARIBBEAN ISLAND RESTAURANT & BAR, LLC is a limited liability company organized under the laws of the State of New York, having its principal office at 229 Woodcleft Avenue, Freeport, NY 11520, within the jurisdiction of this Court.

16. Defendant Caribbean Island has regulated the employment of all persons employed by it, acted directly and indirectly in the company's interest in relation to the employees, and thus is an "employer" of Caribbean Island's employees within the meaning of Section 3(d) of the FLSA and is a "person" within the meaning of Section 3(a) of the FLSA.

17. Upon information and belief, Defendant BIBI ZALENA BETHUNE is the chef-owner and the sole listed LLC member of Defendant Caribbean Island.

18. Upon information and belief, Defendant Bibi Bethune resides in Nassau County, New York, within the jurisdiction of this Court.

19. Upon information and belief, Defendant Bibi Bethune has authority to and does hire, fire, and supervise employees, sets the hours and compensation of employees, and otherwise acts directly and indirectly in the interest of Defendant Caribbean Island in relation to its employees, and is an "employer" of the employees within the meaning of Section 3(d) of the FLSA and is a "person" within the meaning of Section 3(a) of the FLSA.

20. The business activities of Defendants, as described herein, are related and performed through unified operation and common control for a common business purpose, and constitute an enterprise within the meaning of Section 3(r) of the Act.

21. Upon information and belief, the enterprise had an annual gross volume of sales made or business done in an amount not less than $500,000 at all relevant times.

22. Defendant Caribbean Island is a restaurant and bar that serves food, alcoholic and non-alcoholic beverages, and hookah, and the enterprise has employees handling or working with goods or materials, such as food items and cooking equipment, that have been moved in or produced for commerce.

23. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

### Defendants' Oppressive Child Labor and Obstruction of the Secretary's Investigation

24. On or about June 16, 2022, the Wage and Hour Division ("Wage Hour") of the U.S. Department of Labor initiated an investigation into Defendants' employment of minors pursuant to Section 12(c) of the Act.

25. Wage Hour obtained information that, on the evening of Sunday, June 12, 2022, a 14-year-old and a 17-year-old were working at Caribbean Island.

26. On or about Sunday, June 19, 2022, at approximately 10:15 p.m., WHI Nelcy Agudelo and WHI Jenna Montesano visited Caribbean Island to determine whether Defendants employed minors at the restaurant and bar.

27. WHIs Agudelo and Montesano observed four individuals, who appeared to be minors, performing various tasks such as cleaning tables, serving hookahs, and removing empty beer bottles from tables.

28. WHIs Agudelo and Montesano spoke with the employees, who were initially cooperative until Defendant Bibi Bethune instructed them not to speak to the investigators.

29. The Investigators' brief conversations with the minor employees revealed that:

   a. one female minor, who told WHI Agudelo that she is the owner's daughter, is 13 years old ("Minor 1");

   b. one female minor is 14 years old ("Minor 2");

   c. one female minor is 17 years old and Minor 2's sister ("Minor 3"); and

   d. one female appeared to be a minor, but her name and age are unknown because she refused to provide any information to the Investigators after Defendant Bethune instructed her not to cooperate interfered ("Minor 4").

30. During the Wage Hour site visit, Minor 1 was told to get pots by someone working in Caribbean Island's kitchen.

31. During the Wage Hour site visit, Minor 2 was cleaning tables, clearing beer bottles and empty cups from a table, carrying a hookah from the outdoor seating area to the interior area, and cleaning and handling the hookahs.

32. During the site visit, Minor 4 was pouring a yellow beverage from the frozen drink machine at Caribbean Island's indoor bar.

33. During the Wage Hour site visit, Defendant Bibi Bethune actively interfered with and obstructed the investigation in various ways.

34. Defendant Bibi Bethune and her husband, Egbert Bethune, acted belligerently toward WHIs Agudelo and Montesano, refused to provide their home address, and refused to provide the names and ages of Defendants' minor employees.

35. During Wage Hour's site visit, Egbert Bethune claimed that he is also an owner of Caribbean Island, but did not provide any further information about his role at the establishment.

36. Defendant Bibi Bethune instructed the minor employees not to speak to WHIs Agudelo and Montesano, and as a result, the minor employees stopped cooperating with them.

37. WHIs Agudelo and WHI Montesano went outside of the establishment. An adult employee with whom the Investigators spoke earlier that night approached WHI Agudelo. Before WHI Agudelo could speak with the employee, Defendant Bibi Bethune leaned out the front door, grabbed the employee's arm, and forced the employee back inside the establishment.

**FIRST CAUSE OF ACTION**
**(Employment of Oppressive Child Labor in Violation of the FLSA)**

38. The Secretary incorporates by reference and re-alleges all foregoing allegations of the Complaint.

39. Defendants have violated and are violating Sections 12(c) and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212(c) and 215(a)(4), and Child Labor Regulation No. 3, 29 C.F.R. § 570.35, by using oppressive child labor in an enterprise engaged in commerce or in the production of goods for commerce, by employing a 14-year-old to work at the restaurant and bar after 9 p.m. and in work conditions detrimental to her health and well-being.

40. Such conduct violates the FLSA's child labor provisions and endangers the welfare of minors employed by Defendants at the establishment.

**SECOND CAUSE OF ACTION**
**(Obstruction of the Secretary's Investigation in Violation of the FLSA)**

41. The Secretary incorporates by reference and re-alleges all foregoing allegations of the Complaint.

42. Defendants have violated and are violating the provisions of Section 11(a) of the FLSA, 29 U.S.C. § 211(a), by interfering with and obstructing the Secretary's investigation into Defendants' compliance with the FLSA, by, among other things:

   a. Refusing to provide contact information for Bibi and Egbert Bethune, and any information on Defendants' minor employees;

   b. Instructing the minor employees not to speak with the Investigators; and

   c. Preventing any employees from speaking to the Investigators.

43. Such conduct undermines the Secretary's ability to conduct a full investigation into Defendants' compliance with the Act.

44. As a result of such conduct, the Secretary is unable to assess whether Defendants unlawfully employ other minors in oppressive child labor—such as Minor 1, Minor 3, and Minor 4—in violation of Section 12(c) of the FLSA, and whether Defendants are in compliance with other FLSA provisions.

45. Defendants' obstruction of the Secretary's investigation in violation of Section 11(a) is willful.

**WHEREFORE**, cause having been shown, Plaintiff respectfully requests this Court enter judgment against Defendants providing the following relief:

1. An injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from using child labor and from violating the provisions of Sections 12(c) and 15(a)(4) of the Act;

2. An injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or

participation with Defendants from obstructing the Secretary's investigation of Defendants, including but not limited to, refusing to provide required information to Wage and Hour investigators, and from instructing employees not to speak with or otherwise preventing employees from speaking with Wage and Hour investigators;

3. An order requiring Defendants to permit Department of Labor representatives to read aloud to all employees a statement of their rights under the FLSA and provide each employee with that statement, and requiring Defendants to post that statement at Caribbean Island Restaurant & Bar, LLC;

4. An order requiring Defendants to reimburse the Secretary for the costs of this action; and

5. An order granting such other relief as the Court may deem necessary or appropriate.

DATED:   July 11, 2022
         New York, New York

SEEMA NANDA
Solicitor of Labor

JEFFREY S. ROGOFF
Regional Solicitor

*/s/ Nicole Lancia*
NICOLE LANCIA, Trial Attorney

U.S. Department of Labor,
*Attorneys for Plaintiff, Secretary of Labor*
U.S. Department of Labor
Office of the Regional Solicitor
201 Varick Street, Room 983
New York, NY 10014
(646) 264-3624/(646) 264-3660 (fax)
lancia.nicole@dol.gov
NY-SOL-ECF@dol.gov