UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
MARTIN J. WALSH, Secretary of Labor, United States : 22-CV-4054 (ARR) (JST)
Department of Labor, :
: NOT FOR ELECTRONIC
*Plaintiff*, : OR PRINT PUBLICATION
:
-against- :
: **OPINION & ORDER**
CARIBBEAN ISLAND RESTAURANT & BAR, LLC, and :
BIBI ZALENA BETHUNE, Individually, :
X
*Defendants*.

-------------------------------------------------------------------

ROSS, United States District Judge:

Plaintiff, the Secretary of Labor, Martin J. Walsh (the "Secretary"), moves *ex parte* for a temporary restraining order enjoining defendants, Caribbean Island Restaurant & Bar, LLC and Bibi Zalena Bethune, from any further use of oppressive child labor and interference with the Secretary's investigation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). For the following reasons, the Secretary's request for a TRO is granted. Defendants shall show cause why the TRO should not be converted to a preliminary injunction no later than July 18, 2022, at 6:00 p.m.

## BACKGROUND

On July 11, 2022, the Secretary commenced this action against defendants, alleging violations of the FLSA. Compl. ¶ 1, ECF No. 1. Specifically, the Secretary contends that defendants violated the FLSA's oppressive child labor provisions by illegally employing at least one fourteen-year-old minor ("Minor 2") to work after 9 p.m. on two consecutive Sundays in June. *See* Mem. L. Supp. TRO 3−7 ("TRO Mot."), ECF No. 4-1. When defendants were confronted

about their practices by United States Department of Labor Investigators Nelcy Agudelo and Jenna Montesano, the defendants took steps to obstruct the investigation. *Id.* The Secretary's allegations are based on the personal observations of Investigators Agudelo and Montesano, who conducted an investigatory site visit at defendant Caribbean Island Restaurant & Bar, LLC on June 19, 2022. *See generally*, Decl. of Jenna Montesano, ECF No. 4-2 & Decl. of Nelcy Agudelo, ECF No. 4-3.

The Secretary now moves *ex parte* for a temporary restraining order ("TRO") enjoining defendants from any further use of oppressive child labor and interference with the Secretary's investigation. *See* TRO Mot.

## LEGAL STANDARD

"A plaintiff seeking a [TRO] must establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34 (2d Cir. 2010) (quoting *Winter v. Nat. Res. Def. Council. Inc.*, 555 U.S. 7, 20 (2008)); *see also Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) ("It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction," and collecting cases).

## DISCUSSION

Based upon the Secretary's complaint, the memorandum of law in support of his motion, and the declarations of Jenna Montesano and Nelcy Agudelo, I find that each of these TRO requisites is satisfied.

The Secretary is highly likely to prevail in establishing both 1) that defendants' employment of a 14-year-old minor violated the FLSA's oppressive child labor provisions, Sections 12(c) and 15(a)(4) of the FLSA, and 2) that defendants obstructed the Secretary's investigation in violation of Section 11(a) of the FLSA. Under the FLSA, an oppressive child

violation is shown by establishing: (1) the minor employee's age; (2) that the minor performed work for an employer, other than a parent; and (3) that the work occurred after 9 p.m. 29 U.S.C. § 203(1); 29 C.F.R. ¶ 570.35. Here, Investigators Agudelo and Montesano were told by Minor 2 that she was fourteen and observed Minor 2 engaged in multiple activities integral to defendants' business; these activities took place after 9pm. For example, Minor 2 was observed by the investigators clearing beer bottles and empty cups and cleaning hookahs at 10:37 p.m. Decl. Montesano ¶ 13; Decl. Agudelo ¶ 14. Under these circumstances, the likelihood of the Secretary succeeding on his oppressive-child-labor claim is high. So, too, is the Secretary likely to prevail in establishing that defendants obstructed his investigation in violation of Section 11(a) of the FLSA: according to Investigators Agudelo and Montesano, defendants refused to cooperate with the investigation upon being confronted by the investigators, as well as prohibited their employees from speaking with the investigators. See Decl. Montesano ¶¶ 16−19; Decl. Agudelo ¶¶ 13−15. Such conduct directly impeded—and continues to impede—the Secretary's statutory authority to investigate employers under the FLSA. *See* 29 U.S.C. § 211(a).

Considering this alleged conduct, a TRO is necessary to prevent irreparable harm to defendants' minor employees and the Secretary. "[T]he function of a court in deciding whether to issue a [TRO] authorized by a statute of the United States to enforce and implement Congressional policy is a different one from that of the court when weighing claims of two private litigants." *United States v. Diapulse Corp. of America*, 457 F.2d 25, 27 (2d Cir. 1972). Typically, "where the government seeks to enforce a statute designed to protect the public interest, [therefore,] it may obtain injunctive relief without a showing of irreparable harm." *United States v. Acquest Transit LLC*, No. 09-CV-55S (WMS), 2009 WL 2157005, at *1 (W.D.N.Y. July 15, 2009). Even putting this rule aside, however, the Secretary has established the risk of irreparable harm: Minor 2 will

3

suffer irreparable harm through what "Congress has termed 'oppressive child labor,'" TRO Mot. 15, and the Secretary will be unable to conduct a full and complete investigation of defendants' labor practices, as he is authorized to do under the FLSA.

Finally, restraining defendants' conduct is in the public interest because Congress has already determined that oppressive child labor, as defined by the FLSA, is detrimental to the public. *See* 29 U.S.C. § 202. Considering this together with the first and second factors, the balance of hardships decidedly tips towards the Secretary.

As each of the four TRO factors weigh in favor of the Secretary, I find that restraining defendants from any further use of oppressive child labor and interference with the Secretary's investigation is appropriate. Moreover, the Secretary has demonstrated the propriety of issuing the TRO without notice to defendants. *See* Fed. R. Civ. Pro. 65(b)(1) ("The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . specific facts in an affidavit . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."); *see also* 28 U.S.C. § 1746 (giving a declaration on penalty of perjury the same authority as a notarized affidavit). According to Investigators Montesano and Agudelo, defendants, upon being confronted about their employment of minors, became "belligerent" and instructed their employees to refrain from speaking any further with the investigators. *See* Montesano ¶¶ 17−18; Decl. Agudelo ¶ 15. Thereafter, Minor 2 became "rude and refused to answer questions or provide any information whatsoever" in support of the investigation. Decl. Agudelo ¶ 13. In light of defendants' reaction to Investigators Montesano and Agudelo, the Secretary had a good faith basis for believing that any notice to defendants would have caused further obstruction of his

4

investigation and possible retaliation against Minor 2.

## CONCLUSION

For the reasons set forth above, the Secretary's TRO is granted. This Order is to be served on defendants forthwith via all available means, including electronic means, personal service, and service on defendants' attorney. Proof of service of this Order is to be filed with the Clerk of Court no later than July 15, 2022. The TRO will expire on July 27, 2022. No later than July 18, 2022, at 6:00 p.m., defendants must show cause why the TRO should not be converted to a preliminary injunction. The Secretary may file a response no later than July 20, 2022, at 6:00 p.m.

Pursuant to this Order, the defendants and their agents, and all those in active concert and participation with them, are restrained as follows:

1. Defendants and their agents are enjoined from violating Sections 12(c) and 15(a)(4) of the Fair Labor Standards Act by employing oppressive child labor as defined in Section 3(l) of the FLSA;

2. Defendants and their agents are further enjoined from employing oppressive child labor, including by suffering or permitting to work any person under the age of 16 years after 9 p.m. between June 1 and Labor Day, and after 7 p.m. during non-summer months;

3. Defendants and their agents are enjoined from refusing to provide information to the Department of Labor to aid in its investigation;

4. Defendants and their agents are enjoined from instructing employees not to speak to the Department of Labor, or otherwise preventing employees from cooperating with the Department of Labor;

5. Defendants shall permit representatives of the Secretary to read aloud in English, Spanish, and any other language understood by the majority of Defendants' employees, during employees' paid working hours and in the presence of Defendant Bibi Zalena Bethune, the following statement to all employees employed at Caribbean Island Restaurant & Bar, LLC:

    **You are protected by the Fair Labor Standards Act and have the right to participate freely in the U.S. Department of Labor's investigation and litigation. You have the right to speak freely with investigators, attorneys, or other officials from the Department of Labor. It is illegal for your**

**employer to instruct you not to speak with the Department of Labor or to prevent you from doing so.**

**The U.S. District Court for the Eastern District of New York has ordered Caribbean Island Restaurant & Bar, LLC, Bibi Zalena Bethune, and anyone acting on their behalf to cease preventing employees from providing information to the Department of Labor.**

6. Defendants shall post the above statement in English and any other language understood by the majority of Defendants' employees, with contact information for representatives of the Secretary in a conspicuous location at Caribbean Island Restaurant & Bar, LLC, and permit the Secretary to provide each employee with the same.

SO ORDERED.

\_\_\_\_/s/_____
Allyne R. Ross
United States District Judge

Dated:  July 13, 2022
        Brooklyn, New York